UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE-NIGEL BARNETT,

                Plaintiff,

        -against-

LETITIA ANN JAMES, ET AL.,

                Defendants.

26-CV-3048 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se,* brings this action against New York State Attorney General Letitia James, Dutchess County District Attorney Anthony Parisi, twelve named police officers and an unknown number of unidentified police officers, numerous state court judges, and the Towns of Rhinebeck and Hyde Park. Plaintiff has filed a motion requesting preliminary injunctive relief. (ECF 2.) The crux of Plaintiff's claims is that, in January 2023, he was pulled over and "issued multiple tickets" for driving with a suspended license. (ECF 1, at 2.) Plaintiff alleges this stop was unlawful because he "cancelled" his driver's license in 2022, and "[y]ou cannot suspend something that does not exist." (*Id.*; *see* ECF 7, at 4 ("The January 16, 2023 traffic stop had no lawful cause because there was nothing to suspend.").)

Plaintiff brings this action challenging the state administrative and state court proceedings regarding his license suspension and the penalties he has sustained as a result of continuing to drive with a suspended license. Among other preliminary relief, Plaintiff seeks an order enjoining Defendants from prosecuting "any traffic matter" against him based on what he alleges is a "defective" record of traffic violations and license suspensions; prohibiting Defendants from "stopping, detaining, citing, or seizing" him based on his suspended driver's license; and requiring "correction and removal of defective [driving] records." (ECF 2, at 6.)

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for preliminary injunctive relief (ECF 2) is denied. The Court will issue an explanatory order at a later date.

Since filing the complaint commencing this action, Plaintiff has filed numerous documents in which he seeks to "supplement" the complaint or provide the Court with "notice" that he wishes to supplement the complaint. (*See* ECF 5-7, 9-10, 12-15.) Based on these submissions, it appears that Plaintiff has additional facts that he did not include in the complaint, but that that he would like the Court to consider. The Court therefore grants Plaintiff 30 days to file an amended complaint that consists of a single document and that includes all factual allegations he would like the Court to consider in evaluating his claims. Plaintiff's amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedures, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and

include sufficient facts to state a claim that is "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff need not submit evidence in support of his claims at this stage and the Court will not consider links to videos or materials embedded in his pleading.

If Plaintiff does not file an amended complaint within the time prescribed, the Court will treat the original complaint as the operative pleading and will not consider any factual allegations contained in Plaintiff's supplemental filings.

### CONCLUSION

The Court denies Plaintiff's request for preliminary injunctive relief. (ECF 2.)

The Court grants Plaintiff 30 days' leave to file an amended complaint that contains all factual allegations that Plaintiff would like the Court to consider in evaluating his claims.

The Court directs the Clerk of Court to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 27, 2026
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

3