UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE NIGEL BARNETT,<br><br>                    Plaintiff,<br><br>          -against-<br><br> LETITIA ANN JAMES,<br><br>                    Defendants. | 26-CV-3048 (JGLC)<br><br>**<u>ORDER</u>** |

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is proceeding pro se, filed this action on April 13, 2026 against New York

State Attorney General Letitia James, Dutchess County District Attorney Anthony Parisi, twelve

named police officers and an unknown number of unidentified police officers, numerous state

court judges, and the Towns of Rhinebeck and Hyde Park ("Defendants"). ECF No. 1. Plaintiff

brings claims under 42 U.S.C. § 1983 alleging, among other things, that police officers

unlawfully stopped him in 2023 and that the ensuing state court proceedings have violated his

due process rights. ECF No. 16 at 2–4. No Defendant has yet appeared in this Action. Now,

following a June 10, 2026 appearance in Hyde Park Town Court, Plaintiff seeks an emergency

order "stop[ping] all further state court proceedings" against him and "protect[ing] [him] from

further retaliation and threats." ECF No. 24. This is Plaintiff's second petition for injunctive

relief. *See* ECF Nos. 2, 16.

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer

irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b)

sufficiently serious questions going to the merits to make them a fair ground for litigation and a

balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V.*

*Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks

omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). The bar for issuing *ex parte* relief—that is, relief granted after briefing from only one party—is particularly high. *See Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964); *Commey v. Adams*, No. 22-CV-0018 (RA), 2022 WL 62155, at *2 (S.D.N.Y. Jan. 6, 2022); *Suber v. VVP Servs.*, No. 20-CV-8177 (AJN), 2021 WL 1101235, at *19 (S.D.N.Y. Mar. 23, 2021).

Plaintiff styles his petition as requesting a preliminary injunction, which may only be issued "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). To the extent Plaintiff's petition may also be construed as an application for an *ex parte* temporary restraining order ("TRO"), he was required to certify in writing "any efforts made to give notice and the reasons why it should not be required"—or at least explain why such notice should not be provided. Fed. R. Civ. P. 65(b)(1)(B); *FEI Hong Kong Co. v. GlobalFoundries, Inc.*, No. 20-CV-2342 (MKV), 2020 WL 1444956, at *2 (S.D.N.Y. Mar. 25, 2020) (denying TRO as plaintiff had "not provided any reasons why notice was unnecessary or impractical"); *Gullas v. 37-31 73rd St. Owners Corp.*, No. 12-CV-2301, 2012 WL 1655520 (DLI), at *1 (E.D.N.Y. May 10, 2012) (denying TRO where plaintiffs had "neither shown that Defendant was given notice of this motion nor made any showing as to why notice should not be required"). This failure alone renders *ex parte* relief inappropriate. *See, e.g.*, *Pro. Merch. Advance Cap., LLC v. C Care Servs.*, LLC, No. 13-CV-6562 (RJS), 2013 WL 12109397, at *2 (S.D.N.Y. Oct. 2, 2013) ("Plaintiff's attorney has not submitted anything about efforts to give notice or reasons why notice should not be required. That omission alone is fatal to the application . . . .").

In any event, at this stage in the proceedings, Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. To the extent Plaintiff seeks to enjoin what he characterizes as ongoing state court criminal proceedings, the Court is required to abstain from interfering in plaintiff's state court criminal proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). The first two conditions are plainly met based on the record before the Court, and to the extent Plaintiff's submissions can be construed as challenging the third condition, based on his claims that the state court is rebuffing his constitutional arguments, "so long as plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes." *Augustin v. Digirolamo*, No. 25-CV-3332, 2025 WL 2689598 (NCM), at *6 (E.D.N.Y. Sept. 19, 2025). "Put differently, where, as here, a plaintiff is 'free to raise his constitutional claims before a legally trained judge' before sentencing and after conviction on direct appeal, a plaintiff 'can assert no bar to having his constitutional argument heard before the state courts.'" *Id.* (quoting *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 394 (2d Cir. 1995)).

To the extent Plaintiff seeks review of an already-rendered decision by a state court, the *Rooker–Feldman* doctrine—which prohibits district courts "from adjudicating cases brought by state-court losing parties challenging state-court judgments"—stymies his petition. *Reed v.*

*Goertz*, 598 U.S. 230, 235 (2023). Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over lawsuits that are, in effect, appeals from state-court judgments. *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 712 (S.D.N.Y.2006) (internal quotation marks omitted). This is because Congress has, pursuant to 28 U.S.C. § 1257, "vest[ed] authority to review a state court's judgment solely" in the United States Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Spickerman v. Carr*, No. 4–CV–6226 (CJS), 2006 WL 140714, at *6 (W.D.N.Y. Jan. 17, 2006) ("Essentially, the Rooker–Feldman doctrine bars collateral attack on a state court judgment which attempts to cloak the attack as a § 1983 action in federal court." (internal quotation marks omitted)).

Accordingly, Plaintiff demonstrates neither a likelihood of success on the merits nor serious questions going to the merits of his due process claims, and his emergency motion for a preliminary injunction is thus denied without prejudice to renew at a later date.

Dated: June 15, 2026
      White Plains, New York

SO ORDERED.

_____

KENNETH M. KARAS
United States District Judge