UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE NIGEL BARNETT,<br>Plaintiff,<br>-against-<br>LETITIA ANN JAMES, et al,<br>Defendants. | 26-CV-3048 (JGLC)<br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

On August 4, 2026, Plaintiff Andre Nigel Barnett filed a motion requesting that the undersigned, Magistrate Judge Judith C. McCarthy, and District Judge Kenneth M. Karas recuse themselves from his case. See ECF No. 59. The bases for Mr. Barnett's motion include that each named judge has entered an order that favored Defendants and denied Plaintiff an adequate opportunity to be heard. Plaintiff's allegations of bias all pertain to conduct within this case or, relatedly, to evidence considered from other cases that Mr. Barnett has filed. For the reasons that follow, Mr. Barnett's motion is DENIED.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States" is required to recuse themselves from a proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness—whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.), *cert. denied*, 555 U.S. 1038 (2008). The decision to recuse oneself, in the first instance, remains with the judge against whom recusal is sought. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

The Court finds no evidence of bias in the record and thus no need for any of the named judges to recuse themselves. It is untrue that—as Plaintiff claims—there have been "[z]ero rulings for Plaintiff." ECF No. 59 at 6. Recently, the Court granted Plaintiff's late-filed request for an extension of time to file an appeal, in deference to his pro se status. *See* ECF No. 54. In any event, the number of rulings for a party does not provide evidence of bias, and the undersigned has otherwise not made any determinations that would raise concerns with an objective, disinterested observer.

The only substantive rulings that have occurred in this case involve the petitions for emergency relief that Judge Karas decided. As the Court previously explained, Judge Karas addressed the petitions with the undersigned's consent—a common practice in this District for emergency motions. ECF No. 54. Nothing in Judge Karas' orders would permit a reasonable, disinterested observer to question his impartiality. Indeed, preliminary injunctive relief demands an extraordinarily high burden that few plaintiffs meet, and Judge Karas' determinations were appropriately decided for the reasons stated in his Orders. *See* ECF Nos. 25, 27, 39.

Judge McCarthy's grant of an extension request similarly provides no basis on which to question her impartiality. *Cf.* ECF No. 59 at 6 (citing ECF No. 44). The grant of extension requests is routine practice in this district—and a practice from which Plaintiff has similarly benefited. *See* ECF No. 54. Judge McCarthy's decision to authorize one extension before Plaintiff responded thus does not permit any adverse inferences about her impartiality.

For the foregoing reasons, Plaintiff's motion is DENIED as to all three named judges. The Clerk of Court is directed to terminate ECF No. 59 and mail a copy of this Order to Plaintiff.

Dated: August 24, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge