**UNITED STATES DISTRICT COURT**
**Sitting as an Article III Court**
**SOUTHERN DISTRICT OF NEW YORK (White Plains)**

ANDRE-NIGEL BARNETT,
Plaintiff,

v. Case No. 7:26-cv-03048-JGLC-JCM
LETITIA ANN JAMES et al.,
Defendants.

**MEMO ENDORSED**

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER REVOKING IN FORMA PAUPERIS STATUS (ECF No. 54, July 31, 2026)**
**Pursuant to Fed. R. Civ. P. 59(e) and the Court's Inherent Authority**

## PRELIMINARY STATEMENT

Plaintiff Andre-Nigel Barnett, through good faith, moves to reconsider and vacate the IFP revocation in ECF No. 54. The revocation: (1) has no statutory basis; (2) relies on coerced payments stripped of their compulsory context while ignoring the $605.00 appellate filing fee also compelled from Plaintiff; (3) was premised on a financial determination made without affidavit, hearing, current documentation, or any methodology consistent with the Adkins standard; (4) was entered without notice or any opportunity to be heard; (5) was entered after this Court's jurisdiction was divested by the Notice of Appeal (ECF No. 48) under Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); and (6) is now itself on appeal before the Second Circuit through the First Supplemental Notice of Interlocutory Appeal (ECF No. 56, August 5, 2026).

## BACKGROUND

### A. IFP Granted; Notice of Appeal Filed; Jurisdiction Divested

IFP was granted April 21, 2026 by Judge Swain (ECF No. 11). On April 27, the Court denied the preliminary injunction and appended a § 1915(a)(3) bad-faith certification (ECF No. 16) — with no defendants appeared, no briefing, and no hearing. Plaintiff paid $405.00 on May 7, 2026 in direct response to that stigmatizing certification. On July 23, 2026, Plaintiff filed the Notice of Interlocutory Appeal (ECF No. 48), divesting this Court of jurisdiction under Griggs. The case was reassigned on May 8, 2026 to Judge Clarke (ECF No. 19 referral to Magistrate McCarthy).

### B. The $605.00 Appellate Filing Fee — Compelled, Not Voluntary

On July 29, 2026 — concurrent with the filing of the Notice of Interlocutory Appeal and the Errata to Form D-P — Plaintiff purchased United States Postal Service Money Order No. 29794922087 in the amount of $605.00, payable to 'Clerk of Court, United States

10601, with memo notation '7:26-cv-03048-JGLC-JCM.' This payment was the mandatory Notice of Appeal processing fee imposed by 28 U.S.C. §§ 1913 and 1917 and the Court's own filing requirements — compelled, not voluntary. The money order is evidenced by the original instrument retained by Plaintiff.

ECF No. 54 does not reference this payment at all. Clarke's 'financial assessment' was therefore factually incomplete on its own terms: the same Plaintiff who was allegedly demonstrating wealth by paying the $405.00 district court fee was simultaneously paying a $605.00 appellate fee under compulsion of the NOA. No affluent person pays $1,010.00 in compelled court fees in a single civil rights case arising from a traffic stop while citing financial hardship — yet no inquiry was made.

**C. ECF No. 54 — Revocation Order, July 31, 2026**

On July 31 — eight days after the NOA divested jurisdiction (ECF No. 48) and two days after Plaintiff purchased the $605.00 money order — Judge Clarke issued ECF No. 54. Clarke: (1) extended the NOA deadline to August 30, 2026; (2) declared the appeal 'frivolous'; (3) revoked IFP based on the May 7 $405.00 payment and references to fees paid in Barnett v. Acker (25-CV-6174) and Barnett v. Stewart (26-CV-107); (4) deemed the payment a 'withdrawal' of the IFP application; and (5) directed Plaintiff to complete service and pay appellate fees. No notice was given. No hearing was held. No current financial documentation was examined.

**D. First Supplemental NOA — ECF No. 56, August 5, 2026**

On August 5, 2026, Plaintiff filed the First Supplemental Notice of Interlocutory Appeal (ECF No. 56), which was transmitted to the Second Circuit the same day. ECF No. 56 adds ECF Nos. 39, 44, and 54 — including the IFP revocation — to the pending appeal in docket No. 26-2070. The IFP revocation is now before the Second Circuit. This Court's authority to revisit ECF No. 54 is governed by Griggs and its progeny; reconsideration on the grounds stated herein is consistent with retained jurisdiction over matters ancillary to the appeal.

**E. The Coerced Prior Payments**

In Barnett v. Acker (25-CV-6174), ECF No. 3 ordered payment within 30 days or dismissal, simultaneously appending a § 1915(a)(3) bad-faith certification. Plaintiff paid $405.00 on August 11, 2025 under compulsion of court order. ECF No. 54 cited this as voluntary evidence of wealth without disclosing its compulsory origin. In the present case, the $405.00 paid May 7 was coerced by the § 1915(a)(3) stigmatization in ECF No. 16. Both payments were responses to judicial compulsion.

**ARGUMENT**

**I. THE $605.00 PAYMENT REFUTES THE COURT'S OWN FINANCIAL THEORY**

Clarke's theory is that paying the $405.00 filing fee demonstrated Plaintiff 'has sufficient funds.' But on the same day Plaintiff was purchasing that same $605.00 appellate fee — money order dated July 29, 2026, two days before ECF No. 54 — Clarke did not know of it because no inquiry was made. A complete financial picture shows: $405.00 paid May 7 under IFP stigmatization; $605.00 paid July 29 under compulsion of mandatory NOA fee; a total of $1,010.00 in compelled court fees in one case. These payments are consistent with a person straining to meet compulsory obligations — not with a person of 'sufficient funds.' ECF No. 54's selective reliance on one payment while ignoring the contemporaneous $605.00 compelled payment is arbitrary and unsupported by the record.

Moreover, the $605.00 obligation was created by the very circumstances ECF No. 54 was addressing — the NOA (ECF No. 48). Revoking IFP after the appeal was filed, without notice, does not retroactively excuse the fee obligation already incurred. It imposes a retroactive financial burden without process.

**II. THE IFP CATCH-22 VIOLATES CONSTITUTIONALLY-SECURED ACCESS TO COURTS**

ECF No. 16 stigmatized IFP through § 1915(a)(3). Plaintiff paid to escape that stigma. ECF No. 54 revoked IFP for paying. Every available path led to the same deprivation. This trap violates the right of access to courts secured by the First, Fifth, Ninth, and Fourteenth Amendments and by organic law including the Northwest Ordinance of 1787. M.L.B. v. S.L.J., 519 U.S. 102 (1996); Boddie v. Connecticut, 401 U.S. 371 (1971).

**III. COERCED PAYMENTS CANNOT BE TREATED AS VOLUNTARY EVIDENCE OF WEALTH**

The Acker payment was court-ordered under threat of dismissal. The present-case $405.00 was coerced by § 1915(a)(3) stigmatization. The $605.00 was compelled by the mandatory NOA filing fee. None was a voluntary financial act. ECF No. 54's characterization of them as evidence of voluntary financial capacity is factually false and legally insufficient to support revocation under § 1915(e)(2)(A).

**IV. THE PAYMENT-AS-WITHDRAWAL THEORY HAS NO LEGAL BASIS**

28 U.S.C. § 1915(e)(2)(A) authorizes revocation only upon a finding that 'the allegation of poverty is untrue.' No such finding was made. No statute, rule, or decision holds that paying a fee after IFP is granted constitutes withdrawal. IFP was granted April 21. The $405.00 was paid May 7 — 16 days later. A subsequent payment cannot retroactively void a granted order. The court invented this doctrine, applied it immediately, and gave Plaintiff no opportunity to contest it.

**V. PRIOR CASE PAYMENTS DO NOT ESTABLISH FINANCIAL CONDITION AT APPLICATION DATE**

28 U.S.C. § 1915(a)(1) measures inability to pay at the time of application — April 14, 2026. Adkins v. E.I. DuPont de Nemours, 335 U.S. 331, 339 (1948). The Acker payment was August 2025 — eight months prior. The Stewart reference predates the application. Neither establishes financial condition in April 2026. Clarke aggregated fees across three separate cases over one year to manufacture 'sufficient funds.' That is not the § 1915 standard.

## VI. ECF NO. 54 WAS ENTERED WITHOUT DUE PROCESS

IFP revocation with immediate financial consequences — personal service obligations, appellate fee liability — required notice and a hearing. Mathews v. Eldridge, 424 U.S. 319 (1976); Armstrong v. Manzo, 380 U.S. 545 (1965). None was provided. The trigger was a single passing reference in ECF No. 52 to 'invoke[] his right to Marshal Service' — a single clause in a multi-page letter, never identified to Plaintiff as placing his IFP status in jeopardy. Revocation without notice on that basis is constitutionally deficient.

## VII. THE COURT LACKED JURISDICTION — GRIGGS

The Notice of Interlocutory Appeal (ECF No. 48) was filed July 23, 2026. ECF No. 54 was entered July 31 — eight days later. Under Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), a notice of appeal divests the district court of jurisdiction over the subject of the appeal. The IFP status is a condition of the entire proceeding, directly bearing on the appeal. ECF No. 54 was entered without jurisdiction and is void to that extent.

## VIII. THE FINANCIAL ASSESSMENT LACKED AUTHORITY, METHODOLOGY, AND EVIDENTIARY BASIS

To revoke IFP under § 1915(e)(2)(A), a court must make a specific finding that 'the allegation of poverty is untrue.' That finding requires an evidentiary basis under Adkins — inquiry into current income, expenses, assets, liabilities, and ability to pay while meeting the necessities of life at the application date. ECF No. 54 made the finding that Plaintiff 'has sufficient funds' based on: (a) a $405.00 payment in Acker in August 2025 — made under court order, eight months before the application; (b) a $405.00 payment in this case in May 2026 — made under § 1915(a)(3) stigmatization; and (c) unspecified reference to Stewart. The contemporaneous $605.00 compelled payment was not considered. No affidavit was requested. No hearing was held. No current documentation was examined. Under Forrester v. White, 484 U.S. 219, 228 (1988), a financial determination made without hearing, documentation, or the Adkins methodology is not a judicial act. It is an administrative assessment outside the judicial role, stripping the immunity that would otherwise attach.

## IX. § 1915(a)(3) CANNOT BE APPLIED TO A FEE-PAYING LITIGANT

Section 1915(a)(3) governs IFP litigants on appeal only. Applied to a fee-paying plaintiff — as it was in ECF No. 16 and twice across these cases — it is ultra vires. The resulting bad-faith label is manufactured without legal authority and cannot serve as the basis for any subsequent adverse action, including IFP revocation.

## X. IMMUNITY DOES NOT REACH CONSPIRACY OR NON-JUDICIAL ACTS

A judge does not carry absolute immunity into a conspiracy. Dennis v. Sparks, 449 U.S. 24 (1980). Acts taken in complete absence of jurisdiction strip immunity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Judge Karas issued ECF Nos. 25, 27, and 39 without a designation order — void ab initio. Clarke's financial determination in ECF No. 54 is a non-judicial act under Forrester. Prospective injunctive relief — recusal, vacatur, reassignment — is available under Pulliam v. Allen, 466 U.S. 522 (1984). All Bivens claims are preserved.

## RELIEF REQUESTED

(1) Vacatur of the IFP revocation in ECF No. 54 and restoration of IFP as granted by ECF No. 11;

(2) In the alternative, an order to show cause with proper notice and briefing on whether revocation is warranted under 28 U.S.C. § 1915(e)(2)(A);

(3) Direction to the U.S. Marshals Service to effect service under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) pending resolution; and

(4) Such other and further relief as is just and proper.

I declare through penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

By: [signature]

**Andre-Nigel Barnett, Plaintiff Pro Se**
c/o 2600 South Road, Suite 44-238
Poughkeepsie, New York 12601-7004
(845) 251-2098 | trustees@anb-trust.com

Dated: August 5, 2026

## QUESTION PRESERVED FOR THE SUPREME COURT OF THE UNITED STATES

Whether absolute judicial immunity survives where a judge has abandoned the constitutionally-mandated role of neutral arbiter and joined in an apparent conspiracy

with state defendants who are adverse parties in a pending federal action, systematically depriving a pro se litigant of the rights secured by the Declaration of Independence, the Northwest Ordinance of 1787, and the First, Fifth, Ninth, and Fourteenth Amendments — including through (a) manufacture of a compelled-payment-as-wealth doctrine without statutory authority; (b) financial determinations made without methodology, documentation, hearing, or the Adkins standard; (c) imposition of retroactive financial burdens after jurisdiction was divested by a filed notice of appeal; and (d) successive adverse acts across three related cases without notice or any opportunity to be heard.

Application DENIED. For the reasons stated in the Court's Order at ECF No. 54, Plaintiff's IFP status was properly revoked. The Clerk of Court is directed to terminate ECF Nos. 61 and 62.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

Dated: September 3, 2026
White Plains, New York