UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE NIGEL BARNETT,
Plaintiff,

-against-

LETITIA ANN JAMES, et al,
Defendants.

26-CV-3048 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On October 6, 2026, Plaintiff Andre-Nigel Barnett filed his fifth motion for emergency relief in this case. ECF No. 107 ("Mot."); *see also* ECF Nos. 2, 24, 26, 34–35. He states that, for three years, the New York State Department of Motor Vehicles ("DMV") has contained an incorrect entry on his driving record. Mot. at 2. As a result, Mr. Barnett alleges that he has experienced three separate traffic stops (two in 2023 and one in March 2026), dismissed criminal charges (dismissed in 2025 and 2026), and a seeming criminal conviction for an "Unclassified Misdemeanor." *Id.* at 2–4. He also identifies unnamed "direct consequences in New Jersey" that have flowed from the entry on his driving record. The January 16, 2023 stop that Mr. Barnett identifies as the "single root cause" for this petition is the same stop that animates this case. *See id.* at 2; ECF No. 17 ("AC") at 2–4 ("All of this flows directly from the original 2023 stop . . . ."). And, Mr. Barnett challenges the basis for the original stop. *See* Mot. at 4. Mr. Barnett requests a temporary restraining order ("TRO") and preliminary injunction (1) prohibiting all Defendants from stopping or arresting him or initiating any type of proceeding against him; (2) requiring Defendants to "investigate and correct" an allegedly erroneous order of protection misattributed to Plaintiff; (3) and requiring the "correction or suppression of the false DMV entry." *Id.* at 5.

The Court has denied Mr. Barnett's four prior requests for emergency relief and warned him twice that further emergency motions with no change in material circumstances might be summarily denied. ECF Nos. 16, 25, 27, 39. Because no alleged harms have occurred since the previous denials and the locus of this petition substantially turns on the same issue that animated his previous petitions—i.e., the validity of his prior traffic stops—it is DENIED. *See Moody v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 25-CV-10720 (JHR), 2026 WL 370332, at *6 (S.D.N.Y. Feb. 10, 2026)) (noting that where plaintiffs improperly file "numerous applications seeking overlapping relief on various grounds . . . the Court may summarily deny future applications seeking relief on the same grounds").

Even if the Court were to consider the merits of this petition, the same conclusion would result. For the same reasons the Court has previously advised, *ex parte* TROs must "certify in writing 'any efforts made to give notice and the reasons why it should not be required'—or at least explain why such notice should not be provided." ECF No. 25 at 2 (quoting Fed. R. Civ. P. 65(b)(1)(B)). Absent that certification, *ex parte* relief is inappropriate. *See id.* (citing Pro. *Merch. Advance Cap., LLC v. C Care Servs., LLC*, No. 13-CV-6562 (RJS), 2013 WL 12109397, at *2 (S.D.N.Y. Oct. 2, 2013)).

Moreover, Mr. Barnett has failed to show that he will experience irreparable harm absent Court action—and the fact that his driving record has included the disputed entry for three years counsels against such a showing. *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (explaining that irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction" and that such harm must be "actual and imminent").

The Clerk of Court is directed to terminate ECF No. 107.

Dated: October 13, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge