UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANDRE NIGEL BARNETT,

Plaintiff,

-against-

LETITIA ANN JAMES, OFFICERS JOHN DOE 1-10, SHANNON EIDEL, OFFICER JORDAN FEIN, PATRICIA GARCIA, PATRICIA GIACALONE, JOHN KANE, TROOPER MARSH, OFFICER MASSEY, JEAN A. MCARTHUR, TROOPER J. NAEGELI, TROOPER M. ORCUTT, ANTHONY PARISI, TROOPER M. PATTERSON, MICHAEL H. PLASS, TROOPER S. PLASS, TROOPER J. RINALDI, JUSTICE LISA RUBENSTEIN, WILLIAM SANCHEZ, TROOPER SCHAEFER, TROOPER P. SCIBELLI, OFFICER TORCHIA, TOWN OF HYDE PARK, TOWN OF RHINEBECK, OFFICER VIERA, and all other known and unknown New York State Troopers and local police officers involved in any of the traffic stops and enforcement actions from 2023 through 2026,

Defendants.

-------------------------------------------------------------X

**OPINION AND ORDER**

26 Civ. 3048 (JGLC)(JCM)

Plaintiff Andre-Nigel Barnett ("Plaintiff"), proceeding *pro se*, commenced this action alleging, *inter alia*, that he was unlawfully stopped while driving in January 2023, and that his subsequent arrests and judicial proceedings violated his constitutional rights. (Docket No. 17). Plaintiff now moves pursuant to New York Rule of Professional Conduct 1.7(a), New York Public Officers Law §§ 17 and 18, and New York Town Law § 65 to disqualify Michael H. Barfield, Esq., and Mr. Barfield's law firm, Drake Loeb PLLC ("Drake Loeb"), from acting as

counsel for Defendants[1] ("Motion"). (Docket Nos. 63-64). Defendants oppose the Motion ("Opp."). (Docket No. 100). For the reasons set forth herein, the Motion is denied.[2]

## I. BACKGROUND

Plaintiff alleges that he was pulled over by New York State Troopers on January 16, 2023.[3] (Docket No. 17 at 2).[4] He contends the stop was unlawful, violated his constitutional rights, resulted in his arrest, and caused his car to be impounded. (*Id.*). Plaintiff further alleges that, following the incident, he and his family were subjected to additional harassment by law enforcement. (*Id.*). As a result of his numerous interactions with police, Plaintiff has been required to participate in judicial proceedings, which he alleges have also violated his constitutional rights. (*Id.*).

Plaintiff moves to disqualify Michael H. Barfield, Esq., and his law firm, Drake Loeb, as Defendants' counsel on five grounds. First, Plaintiff contends that Mr. Barfield's simultaneous representation of the Towns of Hyde Park and Rhinebeck (the "Towns") and their officers in their individual and official capacities creates a direct conflict of interest under New York Rule of Professional Conduct ("Rule" or "Rules") 1.7(a), and that Defendants have not established the written waiver required by Rule 1.7(b). (Motion at 1, 3-5). Second, Plaintiff argues that Drake Loeb's representation of the officers in their individual capacities is unauthorized under New

[1] Not all Defendants have appeared in this action to date. Therefore, for the purposes of this Motion, "Defendants" refers to those Defendants who have appeared and oppose the Motion, specifically the Towns of Rhinebeck and Hyde Park (the "Towns") and the respective individual Defendant police officers, judges, and clerks from those Towns.

[2] Because the instant Motion is non-dispositive, the undersigned has authority to issue an Opinion and Order. *See Hubbuch v. J&M Realty Servs. Corp.*, 25 Civ. 7642 (JPO)(GS), 2026 WL 380709 (S.D.N.Y. Feb. 11, 2026); *Hreish v. Pappas*, 24-CV-2284 (JHR)(BCM), 2025 WL 1653841 (S.D.N.Y. June 10, 2025).

[3] For the purpose of deciding the instant Motion, the relevant facts are taken from the First Amended Complaint. (Docket No. 17). The undersigned makes no findings as to the merits of the alleged facts.

[4] All page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

York General Municipal Law ("GML") § 18(3)(a) because their alleged conduct constitutes "intentional constitutional violations." (*Id.* at 5). Plaintiff maintains that the Towns were required to make an affirmative written determination that the statutory conditions for indemnification were satisfied before using public funds to provide the officers' defense. (*Id.* at 1, 5-6). Third, Plaintiff argues that, to the extent the state trooper defendants acted as New York State employees, they must be represented by the New York State Office of the Attorney General pursuant to New York Public Officers Law ("POL") § 17(2)(a). (*Id.* at 1-2, 6-7). Fourth, Plaintiff maintains that Drake Loeb lacked authorization from the Town Boards of Hyde Park and Rhinebeck to represent the Towns, as allegedly required under New York Town Law ("Town Law") § 65(1). (*Id.* at 2, 7). Finally, Plaintiff argues that Mr. Barfield's failure to respond to Plaintiff's demand for documents establishing his authority to represent the Defendants independently warrants disqualification. (*Id.* at 2, 7-8).

Defendants counter that there is no conflict of interest under Rule 1.7 because no defendant has adverse or differing interests. (Opp. at 4-5, 8-10). Defendants further maintain that Drake Loeb is authorized to defend the Towns, as well as their individual officials and employees, under GML § 52 and Town Law § 64, (Opp. at 4, 6-8), and that Plaintiff's demands for documents are irrelevant given that discovery in this case has not yet commenced, (*id.* at 3).

## II. DISCUSSION

### A. Motion to Disqualify on the Grounds of a Concurrent Conflict of Interest

Federal courts possess inherent authority to disqualify attorneys "to 'preserve the integrity of the adversary process.'" *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (citation omitted). In exercising that authority, courts must balance a client's right to choose his counsel freely against "the need to maintain the highest standards of the profession." *Id.* (citations omitted). The Second Circuit views motions to disqualify counsel

with disfavor "because they are often interposed for tactical reasons and result in unnecessary delay." *Ello v. Singh*, No. 05-CV-9625 (KMK), 2006 WL 2270871, at *2 (S.D.N.Y. Aug. 7, 2006) (citation omitted). Therefore, the movant has "a high standard of proof" and bears "the heavy burden of proving facts required for disqualification." *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791, 794 (2d Cir. 1983) (citations omitted).

Plaintiff relies on Rule 1.7, which generally prohibits a lawyer from representing a client:

> if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.

N.Y. R. Prof'l Conduct 1.7(a). Although the Rules "provide valuable guidance [in evaluating motions to disqualify], a violation of those [R]ules may not warrant disqualification," *GSI Commerce Solutions*, *Inc. v. BabyCenter LLC*, 618 F.3d 204, 209 (2d Cir. 2010), since such Rules "were not intended to be used as rules governing disqualification motions," *Armstrong v. McAlpin*, 625 F.2d 433, 446 n.26 (2d Cir. 1980) (citation omitted), *vacated on other grounds*, 449 U.S. 1106 (1981).

Furthermore, when a municipality and an employee are represented by the same counsel, "disqualification is far from automatic." *Nolan v. City of New York*, 754 F. Supp. 3d 548, 552 (S.D.N.Y. 2024). "Rather, it is appropriate 'only where counsel acts in a way that is *actually* against the officer's interests.'" *Id.* (citation omitted). "In other words, a potential conflict is insufficient to warrant disqualification; rather, the employee must show that an actual conflict exists." *Lieberman v. City of Rochester,* 681 F. Supp. 2d 418, 425 (W.D.N.Y 2010); *accord Leather v. Ten Eyck*, 2 F. App'x 145, 148 (2d Cir. 2001) (noting that it is a "necessary element of

[a] conflict of interest claim" that "an actual conflict of interest adversely affected [the] lawyer's performance") (citation and internal quotations omitted).

Here, Plaintiff claims that the interests of Mr. Barfield's clients are "directly and materially adverse on the central factual and legal questions in this case." (Motion at 4). To the extent Plaintiff bases his argument on a conflict arising from the municipalities' potential *Monell* liability, this argument fails because Plaintiff did not assert a *Monell* claim in his First Amended Complaint ("FAC"). (Docket No. 17).[5] In addition, despite Plaintiff's conclusory assertion that a conflict exists between the Towns and the individual officers, (Motion at 1, 4), Plaintiff has failed to demonstrate that Mr. Barfield has taken any position on behalf of the Towns that is adverse to any of the individual defendants' interests. *See Nolan*, 754 F. Supp. 3d at 552; *Lieberman*, 681 F. Supp. 2d at 425.[6]

Furthermore, Mr. Barfield and Drake Loeb have already familiarized themselves with this case, responded to several of Plaintiff's motions, and begun preparing a motion to dismiss, (Docket No. 81-1 at 14), wherein they plan to "zealously pursue dismissal of this action in its entirety as to all [] Defendants equally," (Opp. at 9). In addition, disqualifying Defendants' counsel at this time would require Defendants to retain new counsel and expend additional time

[5] Even if the Court were to construe Plaintiff's FAC as asserting a *Monell* claim against the Towns, it is well established that that there is no "*per se* rule requiring disqualification whenever a municipality and its employees are jointly represented in a Section 1983 case." *Nolan v. City of New York*, 754 F. Supp. 3d 548, 553 (S.D.N.Y. 2024) (citing *Billewicz v. Town of Fair Haven, Vermont*, No. 5:22-CV-73, 2022 WL 4115966, at *3 (D. Vt. Aug. 11, 2022), *aff'd*, No. 22-1929, 2023 WL 3961437 (2d Cir. June 13, 2023) ("There is no dispute that defense counsel represents all defendants in all capacities. But that alone does not establish any concurrent conflict of interest between the Town and Chief Humphries.")).

[6] Plaintiff also cites *Glueck v. Jonathan Logan Inc.*, 653 F.2d 746, 748 (2d Cir. 1981), in support of the proposition that disqualification is warranted where the representation of one client will be directly adverse to another. (Motion at 4). However, *Glueck* is factually distinguishable from the instant case. In *Glueck*, the court found that Plaintiff's counsel was disqualified because he simultaneously represented a trade association of which Defendant was a member, and there was a risk the attorney would be unable to represent the Plaintiff vigorously or could use confidential information against the Defendant. Here, Drake Loeb is representing clients all adverse to Plaintiff, and there is no risk of deficient representation of the Defendants given Drake Loeb's status as counsel.

and resources bringing new counsel up to speed, effectively providing Plaintiff with a tactical advantage through disqualification. *See Ello,* 2006 WL 2270871, at *2; *Gov't of India v. Cook Indus., Inc.,* 569 F.2d 737, 739 (2d Cir.1978) (requiring "high standard of proof" for disqualification motions because a client loses time, money, and the benefit of its longtime counsel's specialized knowledge of its operations when its attorney is disqualified).

Because Plaintiff has failed to establish that defense counsel has taken any position contrary to any of the Defendants' interests, Plaintiff has failed to meet "the heavy burden of proving facts required for disqualification" based on an actual conflict of interest. *Evans*, 715 F.2d at 794; *see also Nolan,* 754 F. Supp. 3d at 552. Accordingly, Plaintiff's motion to disqualify counsel under Rule 1.7 is denied.[7]

**B. Motion to Disqualify Based on New York Public Officers Law § 18**

Plaintiff also moves to disqualify counsel under GML § 18. However, this statute was repealed by an act of the New York Legislature, L.2014, c. 490, § 1, effective December 17, 2014. (Opp. at 6). The law Plaintiff likely means to cite is POL § 18. Given Plaintiff's *pro se* status, the court will address this argument under the law Plaintiff likely intended to cite, rather than the law that has been repealed. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed

---

[7] Plaintiff also argues that because there is a concurrent conflict under Rule 1.7, each Defendant was required to provide their informed written consent pursuant to Rule 1.7(4)(b). (Motion at 4-5). Plaintiff states that he requested a certified copy of the written conflict of interest waiver on July 22, 2026, and that Defendants' counsel did not provide the requested waiver. (*Id.* at 6). While the absence of a client's informed written consent may be a violation of Rule 1.7 when an attorney represents clients with conflicting interests, here, Defendants' counsel "reviewed Plaintiff's amended complaint . . . investigated the claims, and concluded that there was no conflict in representing the defendants for whom it has entered an appearance." (Opp. at 2). Because no conflict was evident, Defendants' counsel was not required to receive the clients' informed written consent pursuant to Rule 1.7(b)(4) in order to engage in the representation.

liberally and interpreted to raise the strongest arguments that they *suggest.*") (citation and internal quotations omitted).

POL § 18 governs a public entity's provision of a defense to, and indemnification of, its employees in civil actions arising from acts or omissions occurring in the scope of their employment. *See* N.Y. Pub. Off. L. § 18. Plaintiff relies on POL § 18(4)(b) for the proposition that a municipality may provide for an employee's defense where the employee's conduct did not constitute "intentional wrongdoing." (Motion at 5). However, POL § 18(4)(b) addresses the municipality's obligation to indemnify and hold harmless an employee from a judgment arising from conduct within the scope of his employment; it does not govern the municipality's provision of a defense. *See* N.Y. Pub. Off. L. § 18(4)(b). Nonetheless, Plaintiff incorrectly argues that under this law, where a "complaint alleges intentional constitutional violations . . . the municipality must make an affirmative written determination that the § 18 conditions are satisfied before committing public funds to an individual defense." (Motion at 5). However, the language of POL § 18 does not support this proposition.

Additionally, Plaintiff does not contend that the individual officers were acting outside the scope of their employment when they engaged in the conduct alleged in the FAC. Thus, to the extent POL § 18(3)(a) requires that the alleged conduct have occurred during the scope of employment before a municipality may fund an employee's defense, the funding of the officers' defense by the Towns would be authorized. *See* N.Y. Pub. Off. L. § 18(3)(a). Further, whether the acts of the employees "constitute[d] intentional wrongdoing" is irrelevant to the determination of whether a municipality may provide for the defense of one of its employees. *See id.* ("the public entity shall provide for the defense of the employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or

allegedly occurred while the employee was acting within the scope of his public employment or duties").

In sum, Plaintiff conflates the statutory provisions governing a municipality's provision of a defense with those governing indemnification. Because POL § 18(3)(a) does not require the "affirmative written determination" Plaintiff identifies as a prerequisite to providing a defense, and because Plaintiff cites no authority establishing such a requirement, the Court finds no basis to disqualify Defendants' counsel under POL § 18.

**C. Motion to Disqualify Based on New York Public Officers Law § 17**

Under POL § 17(2)(a), state employees are generally entitled to representation by the Attorney General in proceedings arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties. *Gordon v. The State Univ. at Buffalo*, No. 23-CV-640-LJV, 2026 WL 878626, at *1 n.3 (W.D.N.Y. Mar. 31, 2026) (citing N.Y. Pub. Off. Law § 17(2)(a)). Plaintiff argues that Drake Loeb's representation of Officer Torchia was unauthorized because Officer Torchia is a New York State Trooper and, pursuant to POL § 17(2)(a), state troopers are generally represented by the Attorney General in civil actions arising from conduct within the scope of their state employment. (Motion at 1-2, 6-7).

Defendants concede that Mr. Torchia is a state trooper, and that Drake Loeb was not authorized to represent him in that capacity. (Opp at 4 n.1). Defendants have therefore filed an amended notice of appearance clarifying that they do not represent Mr. Torchia in this action. (Docket No. 98). Because Mr. Barfield no longer represents Mr. Torchia, Plaintiff's unauthorized representation argument has been remedied, and the issue is moot. Accordingly, Plaintiff's motion to disqualify under POL § 17 is denied.

**D. Motion to Disqualify Based on New York Town Law § 65**

Town Law § 65(1) provides, in relevant part:

> The town board of any town may authorize and direct any town officer or officers to institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town, in any of its rights or property. It shall be the duty of any officer or officers so authorized and directed to institute said action or legal proceeding or defend or appear therein, and the reasonable and necessary expenses of such action or proceeding, or defense shall be a town charge. No such officer or officers, however, shall employ legal counsel except as directed by the town board.

N.Y. Town L. § 65(1).

Plaintiff argues that Town Law § 65(1) "requires Town Board authorization for the prosecution or defense of legal proceedings on behalf of a town," and contends that no such authorization has been produced here. (Motion at 7). Plaintiff therefore maintains that absent such authorization, Mr. Barfield's appearance and subsequent filings on behalf of the Town are void. (*Id.*).[8] In response, Defendants argue that "[n]othing in Section 65 has any bearing where, as here, a Town Board has not authorized a Town officer to appear and defend an action, and the Town has not incurred the expense of legal counsel." (Opp. at 7). Defendants also note that Plaintiff identifies no authority holding that an alleged violation of Town Law § 65 requires disqualification of counsel. (*Id.*)

---

[8] Defendants noted that the case cited by Plaintiff in support of this argument, *Transamerica Ins. Co. v. Lazar*, 237 A.D.2d 287 (2d Dep't 1997), does not appear to exist. (Opp. at 7 n.5.) The undersigned also conducted a search for the case and was unable to locate it. This raises a concern that the case may be the result of generative artificial intelligence hallucinations. *See Smith v. Smith*, 5:25-CV-1077 (MAD/DJS), 2025 WL 3706691, at *2-3 (N.D.N.Y. Dec. 22, 2025). "Although in some circumstances courts will make 'some allowances for a *pro se* Plaintiff's failure to cite to proper legal authority,' it is 'no more acceptable for a *pro se* litigant to submit briefs with fake case citations than it is for a lawyer to do so.'" *Fecteau v. Safety National Casualty Corp.*, No. 25-CV-3821 (KMK), 2026 WL 821567, at *24 (S.D.N.Y. Mar. 25, 2026) (quoting *Dukuray v. Experian Info. Sols.*, 23 Civ. 9043 (AT)(GS), 2024 WL 3812259, at *11-12 (S.D.N.Y. July 26, 2024)). Plaintiff is advised that "filings with citations to nonexistent cases may result in sanctions, such as [his] submissions being stricken, filing restrictions or monetary penalties being imposed, or the case being dismissed." *Dukuray*, 2024 WL 3812259, at *12.

Defendants submitted evidence establishing that the Towns obtained liability insurance through New York Municipal Insurance Reciprocal ("NYMIR"), and that NYMIR, pursuant to the applicable insurance agreements, assigned Drake Loeb as claims counsel and is responsible for its fees. (Opp. at 7), (Docket Nos. 100-1–100-7). The Towns made claims against those policies to provide for their defense, as well as the defense of their judges, officials, and employees. (Opp. at 7), (Docket Nos. 100-3, 100-7). The Towns did not authorize a town officer to retain Drake Loeb, nor are Drake Loeb's fees a "town charge." Rather, Drake Loeb's representation arises from the Towns' insurance coverage and NYMIR's assignment of counsel pursuant to that coverage. Accordingly, Plaintiff has not established that Town Law § 65(1) governs Mr. Barfield's representation of the Towns, much less that any violation of the provision would warrant the extraordinary remedy of disqualification.

**E. Motion to Disqualify Based on Mr. Barfield's Failure to Respond to Plaintiff's Document Demands**

Plaintiff argues that Mr. Barfield should be disqualified because he failed to respond to Plaintiff's "written demand for seven categories of verified and certified original documents establishing his authority to represent the named defendants." (Motion at 7-8). The requested documents included a retainer agreement; Town Board resolutions under Town Law § 65; a procurement disclosure under GML § 103-a; scope-of-employment determinations under GML § 18; documentation concerning Mr. Barfield's authority to represent Officer Torchia in his capacity as a New York State Trooper; written conflict-of-interest waivers under Rule 1.7; and indemnification agreements. (*Id.* at 3).

Plaintiff's argument is unavailing. As discussed above, *supra* Section II.A, there is no conflict of interest requiring a written waiver under Rule 1.7. In addition, Defendants produced the Town Board resolutions in opposition to the Motion. (Docket Nos. 100-2, 100-5). Moreover,

because the Court has not entered a discovery order requiring Defendants to produce these materials, Plaintiff's unilateral ten-day deadline is not controlling and does not support disqualification. Furthermore, Plaintiff does not identify any authority establishing that counsel's failure to respond to an informal document demand constitutes grounds for disqualification. Plaintiff has, therefore, not set forth any facts warranting the extraordinary remedy of disqualification, much less satisfied his heavy burden of establishing such facts. *See Ello,* 2006 WL 2270871, at *2. Accordingly, the Motion is denied on this ground also.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to disqualify Mr. Barfield and Drake Loeb is denied.

The Clerk of Court is respectfully requested to terminate the pending Motion (Docket No. 63), and mail a copy of this Opinion and Order to the *pro se* Plaintiff.

Dated: October 16, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge