UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE NIGEL BARNETT,

Plaintiff,

-against-

LETITIA ANN JAMES, in her official capacity as Attorney General of the State of New York, et al.,

Defendants.

26-CV-3048 (JGLC) (JMC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC"). ECF No. 57 ("Motion"). After taking briefs in opposition and in support of the Motion, Magistrate Judge Judith McCarthy issued a Report and Recommendation that the Motion be denied. ECF No. 104 ("R&R"). Plaintiff filed timely Objections. ECF No. 105 ("Obj."). Defendants have responded in opposition to the Objections and Plaintiff has replied in support. ECF Nos. 111, 118. For the reasons that follows, the Court OVERRULES most of Plaintiff's Objections and ADOPTS the Report and Recommendation in full. The Court accordingly DENIES the Motion and STRIKES Plaintiff's Second Amended Complaint, which was filed without leave. ECF No. 84.

## LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court

reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022).

**DISCUSSION**

Generally, where a litigant seeks leave to file an amended pleading, leave must granted unless some reason—such as the futility of amendment, undue prejudice to an opposing party, or bad faith on the part of the movant—justifies denial. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Judge McCarthy recommended that each of these reasons justify denial of Plaintiff's Motion. Plaintiff's objections, liberally construed, and the Court's decision as to each are as follows. First, the Court will address Plaintiff's objections to the Report and Recommendation's finding that amendment would be futile. Second, the Court will address Plaintiff's objections to the Report and Recommendation's finding that amendment would be taken in bad faith and would be unduly prejudicial.

**I. Filing a Second Amended Complaint Would be Futile**

First, Plaintiff argues that since one defendant, Michael H. Barfield, is both a party defendant and an attorney for other defendants therefore bears a conflict of interests preventing the Court from considering his submissions, including the Response in Opposition to Plaintiff's Motion. Obj. at 5–6. The objection is meritless because Barfield is *not* a party to this case—

Barfield is one of the defendants that Plaintiff *seeks* to add to this case by seeking leave to file his SAC. But because Plaintiff has not been (and will not be) granted leave to file his SAC, Barfield is not a party defendant in this case. That Plaintiff has, without permission, filed his proposed SAC on the docket is immaterial. "[A] proposed amended complaint is not operative until a motion for leave to amend is granted." *Newton v. LVMH Moët Hennesy Louis Vuitton Inc.*, ___ F.4th ___, 2026 WL 2819692, at *17 (2d Cir. Sept. 21, 2026) (citing 6 Wright & Miller's Federal Practice & Procedure § 1484 (3d ed. 2025)). The proposed SAC is not operative, and Barfield is therefore not a defendant in this case. No conflict of interests is present. This objection is overruled.

Second, Plaintiff argues that Judge McCarthy is biased against him and that she should not have issued a Report and Recommendation in this matter until his motion for her recusal had been resolved. Obj. at 6. His recusal motion, ECF No. 59, in fact was decided months ago, ECF No. 71 (Aug. 24, 2026), as Plaintiff ought to be well aware since the Report and Recommendation itself cites the order disposing his recusal motion. R&R at 2 (quoting ECF No. 71). In that order, the Court explained that it found "no evidence of bias in the record and thus no need for any of the named judges to recuse themselves." ECF No. 71 at 2. Plaintiff offers no basis for the Court to change its conclusion. This objection is overruled.

Third, Plaintiff argues that the Clerk's Office is biased against him. Objections at 7. Plaintiff offers no evidence of this beyond the fact that the Clerk's Office has on occasion not docketed some of his filings. *Id.* To the contrary, Plaintiff has repeatedly attempted to file documents in error and the Clerk's Office has appropriately refused to docket such documents and instructed Plaintiff to refile them in accordance with the applicable rules. *See, e.g.*, ECF No. 69. And to be clear, the failure to docket some other pieces of evidence is immaterial to whether

the Report and Recommendation should be adopted. The question here is whether Plaintiff's Motion for Leave to File a SAC ought to be denied as Judge McCarthy has recommended, and that question can be answered only by reference to the proposed SAC itself, not external evidence. *See, e.g.*, *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). The Clerk's Office has twice docketed Plaintiff's proposed SAC, even though he lacked permission to file it the second time. ECF Nos. 58, 84. There is no evidence of bias against Plaintiff, and the Court has all the documents it requires to consider the Motion and Judge McCarthy's Report and Recommendation. This objection is overruled.

Fourth, Plaintiff argues that the Report and Recommendation failed to consider whether the proposed SAC plausibly alleges claims under the second clause of Title 42, Section 1985(2). Obj. at 17. Plaintiff correctly points out that Section 1985 contains two clauses, the first addressing courts of the United States and the second addressing "the due course of justice" in states and territories. 42 U.S.C. § 1985(2). However, the Report and Recommendation is not clause-specific. It states that none of Plaintiff's new allegations "support a claim under 42 U.S.C. §§ 1985(2) and 1986." R&R at 5. Judge McCarthy therefore duly considered whether Plaintiff's proposed SAC raises an allegation under Section 1985 under either clause and recommended that it did not. The Court agrees, and this objection is overruled.

Fifth, Plaintiff argues that the Report and Recommendation erroneously required Plaintiff to allege race- or class-based animus, even though he argues race- or class-based animus is not an element of the claim under Section 1985. Objections at 17. Neither the word "race" nor "class" even appear in Judge McCarthy's Report and Recommendation, and nowhere does it assert the kind of requirement that Plaintiff reads into it. This objection is overruled.

Sixth, Plaintiff argues that the Report and Recommendation erroneously ignored that the New Jersey Transit Police Department ("NJTPD") defendants are not immune. Objections at 17–18. The proposed SAC does not include anyone from New Jersey, much less anyone from the NJTPD, so the Report and Recommendation did not need to address any allegations pertaining to the NJTPD. To the extent Plaintiff intends to argue that the Supreme Court's decision in *Galette v. N.J. Transit Corp.*, 607 U.S. 509 (2026), applies in this case, his objection is unspecific and he develops no argument this Court can discern for applying *Galette* in his favor. This objection is overruled.

## II. Filing a Second Amended Complaint Would Also Be Taken in Bad Faith and Would Be Unduly Prejudicial

Overruling these objections is sufficient to conclude that the Report and Recommendation correctly found that Plaintiff's proposed SAC would be futile and that his Motion should be denied. The Court therefore need not reach the Report and Recommendation's alternative grounds for denying the Motion—bad faith and undue prejudice—or Plaintiff's corresponding objections. Nevertheless, the Court does so out of an abundance of caution.

The Report and Recommendation properly found bad faith and undue prejudice because Plaintiff attempted to add Defendants' counsel as a party to manufacture a conflict of interest to deprive Defendants of their existing legal representation and chill their ability to retain alternative legal representation. None of these factual findings depend for their strength or accuracy on representations by Defendants' counsel or unsworn statements in the record, which Plaintiff objects to. Instead, they are clear from Plaintiff's own filing, and they are sufficient to support the Report and Recommendation's findings of bad faith and undue prejudice. Plaintiff's objection to the Magistrate Judge's findings of bad faith and undue prejudice are therefore overruled.

## CONCLUSION

The Court therefore OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Leave to File a SAC is DENIED. The Court accordingly STRIKES Plaintiff's SAC. ECF No. 84. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 57 and mail a copy of this Order to any self-represented party who has not consented to e-service or e-filing.

Dated: November 5, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge