UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE NIGEL BARNETT,

Plaintiff,

-against-

LETITIA ANN JAMES, in her official capacity as Attorney General of the State of New York, et al.,

Defendants.

26-CV-3048 (JGLC) (JMC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court are several filings by Plaintiff asserting that the undersigned is disqualified from presiding over this case because her impartiality might reasonably be questioned. ECF Nos. 112, 116, 123, 124. Although nowhere expressly styled as a motion to recuse, the Court construes these filings as a request for the undersigned to recuse herself from this case and, for the reasons that follow, DENIES the request. No reasonable person would question the impartiality of the undersigned Judge.

To begin with, it is customary in our legal system for judges to decide both their own impartiality and whether their impartiality might reasonably be questioned. *See, e.g.*, *United States v. Ferguson*, 550 F. Supp. 1256 (S.D.N.Y. 1982); *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913 (2004) (Scalia, J., in chambers). There is nothing inherently untoward about this approach, particularly where, as here, litigants remain free to seek appellate review, reversal, and reassignment if recusal is erroneously refused. *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) ("Recusal motions are committed to the sound discretion of the district court."). To the extent Plaintiff suggests that the undersigned cannot legally decide whether her impartiality might reasonably be questioned, ECF No. 123 at 3, he is wrong. He may instead seek appellate review if he wishes.

Plaintiff's filings, which are largely duplicative of each other, assert two grounds for recusal. The first is a "pattern" of erroneous rulings against him. First Motion at 5–7; Second Motion at 5–7. The Court has addressed this argument before, ECF No. 71 at 2, and here simply reiterates that the number of rulings for or against a party would not, without more, invite reasonable people to question the impartiality of the ruling judge. *United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir. 1976) ("Adverse rulings, standing alone, do not establish judicial bias or prejudice, nor create a reasonable question of judicial impartiality." (internal citation omitted)); *Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002). Recusal is not required on this ground.

Plaintiff now also adds that the undersigned must recuse herself because of her previous employment relationship with one of the named defendants, Attorney General Letitia James, who is sued in her official capacity. ECF No. 17. It is true that the undersigned was once employed by the Office of the Attorney General. But it is well-established that a judge's prior employment relationship with a party does not, again without more, require recusal. "The law of this Circuit is clear that a judge's prior employment as government counsel, without more, does not mandate recusal from cases in which the government is a defendant." *Cordero v. Sec'y of Health & Hum. Servs.*, 24-CV-9778 (JAV), 2025 WL 2988500, at *1 (S.D.N.Y. Sept. 30, 2025) (citing, *inter alia*, *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996)); *see also Lynch v. Dep't of Educ. of City of N.Y.*, 769 F. Supp. 3d 227, 231–32 (S.D.N.Y. 2025). Usually, to invoke this basis for recusal, a litigant must demonstrate that the judge's prior work generates a conflict of interests because she previously took a position directly adverse to the litigant. *See, e.g.*, *Lynch*, 769 F. Supp. 3d at 231–32. Plaintiff does not allege that the undersigned was, in her previous tenure with the Attorney General's Office, ever involved in matters pertaining to Plaintiff or this case. And the undersigned is not aware of any position taken in prior work that is directly

adverse to Plaintiff. Absent this fact, no reasonable person would question the impartiality of the undersigned. Recusal on this ground is therefore also not required.

The only question that remains is whether these grounds, although neither independently requiring recusal, together change the analysis. In *Fulton*, however, the Second Circuit held that a judge's pattern of ruling against a defendant "on all his motions" combined with the judge's previous career as government counsel was wholly insufficient to require recusal in a case involving the government body for which the judge previously worked. 289 F.3d at 199. *Fulton* thus forecloses relief even when considering both asserted grounds for recusal together.

Plaintiff therefore has not satisfied the objective standard for recusal. His request that the undersigned be disqualified from presiding in this matter, for vacatur of all previous orders in this case, and for this matter to be reassigned is therefore DENIED. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 123 and 124 and mail a copy of this Order to any self-represented party who has not consented to e-service or e-filing.

Dated: November 5, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge